UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

| | |
|---|---|
| ELI TREVINO MUNGIA, <br><br> Petitioner, <br><br> v. <br><br> GREGORY KIZZIAH, Warden, <br><br> Respondent. | Civil Action No. 7: 17-029-KKC <br><br> **MEMORANDUM OPINION <br> AND ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

Eli Trevino Mungia is currently confined at the United States Penitentiary – Big Sandy in Inez, Kentucky. Proceeding without an attorney, Mungia has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]. For the reasons set forth below, the Court will deny Mungia's petition.

In 1995, a federal grand jury indicted Mungia, charging him with numerous crimes, including but not limited to conspiracy to interfere with federally protected activities in violation of 18 U.S.C. § 371, interference with federally protected activities in violation of 18 U.S.C. § 245, and use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). According to the indictment underlying these charges, Mungia and his friends tried to intimidate African-Americans by driving through the streets of Lubbock, Texas, and shooting at them with a shotgun. Ultimately, Mungia went to trial, and a jury found him guilty of all charges. The district court sentenced Mungia to life in prison. *See United States v. Mungia*, No. 5:95-cr-017 (N.D. Tex. 1996).

Mungia filed a direct appeal, but the United States Court of Appeals for the Fifth Circuit affirmed his convictions. Mungia then filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, but the district court denied that motion, and the Fifth Circuit affirmed. *See id.* Mungia later filed several other motions for relief, but those motions were denied. *See id.; see also Mungia v. United States*, No. 5:09-cv-097 (N.D. Tex. 2009).

In 2015, Mungia filed a § 2241 petition with this Court and argued, among other things, that the government failed to prove the elements necessary to convict him under 18 U.S.C. § 924(c). Specifically, Mungia claimed that, in light of the Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137 (1995), the government was required to show that he "actively employed" a firearm in relation to a crime of violence, and it failed to do so. This Court, however, denied Mungia relief because it determined that he could not use § 2241 to challenge his convictions or sentence. *See Mungia v. Sepanek*, No. 7:15-cv-137-ART (E.D. Ky. March 8, 2016).

Mungia has now filed another § 2241 petition with this Court, and he repeats his argument regarding the 1995 *Bailey* decision. [R. 1]. Indeed, Mungia claims that "he is actually innocent in light of *Bailey* . . . because the Supreme Court made clear that 'use' in § 924(c)(1) meant 'an active employment of the firearm by the defendant.'" [R. 1 at 10]. Mungia later echoes this point, arguing that his "convictions cannot be sustained under 18 U.S.C. § 924(c) because the government failed to show that [he] actively employed the weapon . . . beyond a reasonable doubt." [R. 1 at 19].

Mungia's § 2241 petition is once again an impermissible collateral attack on his convictions and sentence. That is because while a federal prisoner may challenge the legality of his conviction or sentence in a § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction

between a § 2255 motion and a § 2241 petition).  After all, a § 2241 petition does not function as an additional or alternative remedy to the one available under § 2255.  *Hernandez v. Lamanna*, 16 F. App'x 317, 360 (6th Cir. 2001).  Instead, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility.  *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009).  Simply put, Mungia cannot use a § 2241 petition as a way of challenging his convictions and sentence.

Nevertheless, Mungia argues that he *can* attack his convictions and sentence through his § 2241 petition by citing and discussing § 2255(e)'s savings clause.  [Record No. 1 at 10].  But that argument is off base.  To be sure, the Sixth Circuit has said that "the so-called 'savings clause' of section 2255 provides that if section 2255 is 'inadequate or ineffective to test the legality of his detention, . . . then a federal prisoner may also challenge the validity of his conviction or sentence under § 2241."  *Bess v. Walton*, 468 F. App'x 588, 589 (6th Cir. 2012) (citations and quotation marks omitted).  However, the Sixth Circuit has further explained that "[i]nvocation of the savings clause is restricted to cases where prisoners can show 'an intervening change in the law that establishes their actual innocence.'"  *Id.* (quoting *Peterman*, 249 F.3d at 462).  In subsequent cases, the Sixth Circuit has explained precisely how a prisoner can rely on an intervening change in the law to establish his actual innocence, *see Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), or even challenge a sentence enhancement.  *See Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016).

While Mungia invokes § 2255(e)'s savings clause, he is not actually relying on an intervening change in the law to attack his convictions or sentence, and he does not otherwise meet the requirements set forth in either the *Wooten* case or the *Hill* case.  As this Court pointed out in

3

its last decision, Mungia "either did raise or could have raised—in his § 2255 motions—all of the arguments that he raises now. And the facts giving rise to those arguments—. . . [including the argument] that the government failed to make the required showing under *Bailey*—were either known to Mungia at the time of his § 2255 motion or else they should have been known to him. Thus, Mungia is not entitled to make those arguments in his motion for relief under § 2241." *Mungia v. Sepanek*, No. 7:15-cv-137-ART (E.D. Ky. March 8, 2016) at R. 11 at 5. In other words, Mungia is simply trying to re-litigate claims that he either made or could have made in his previously denied § 2255 motion. That is simply not proper in a § 2241 petition.

Accordingly, it is hereby **ORDERED** as follows:

1. Mungia's petition for a writ of habeas corpus [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A corresponding judgment will be entered this date.

Dated August 1, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

4